TATE, Justice,
dissenting.
The majority makes a strong case for the maximum ten-year sentence on the most serious of the three marijuana-distribution counts. Also, if the evidence indicated that the defendant had been engaged in marijuana distribution over an extended period of time (rather than just for a few months), without having been caught before, the consecutive sentences of an additional ten years might be justified.
However, the consecutive additional sentences were imposed for minor transactions arising out of the course of criminal conduct for which the maximum ten-year sentence was appropriate. The defendant is a previously law-abiding citizen, albeit in the few months prior to his arrest engaging in marijuana-distribution of a substantial nature.
Therefore, under the sentencing principles noted in our original opinion, 353 So.2d 1013 (La.1978), concurrent instead of consecutive sentences should have been imposed, since the conduct arose out of the same contained (non-extended) course of conduct. The ten-year maximum penalty for distribution of marijuana legislatively contemplated that this substantial penalty was appropriate for this course of conduct — the legislature could not have intended, for instance, one hundred years of imprisonment for a person who sold ten marijuana cigarettes to the same or different persons on the single day of his life in which he violated the law.
One of the strongest reasons advanced for permitting joinder of separate offenses for trial in a single proceeding is to facilitate the imposition of concurrent rather than consecutive sentences for what, in effect, is a single course of conduct. Commentary, Standard 1.1, ABA Standards of Criminal Justice Relating to Severance and Joinder (1968). This purpose is thwarted, when consecutive sentences are imposed merely because several counts of the same course of conduct have been joined for trial in a single proceeding. Prior to permission of such joinder by recent legislation, in all probability the state, satisfied with its conviction and maximum sentence on one charge, would not have for a first offender also prosecuted him and secured additional sentences on the other minor charges here joined for trial.
I therefore respectfully dissent from the consecutive sentences as excessive. La. Const, of 1974, Art. 1, Section 20.